# IN THE SUPREME COURT OF THE STATE OF NEVADA

IGNACIO AVILA, JR.,
Appellant,
vs.
ROSIE ELENA MARTINEZ,
Respondent.

No. 77242

FILED

JAN 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a motion to set aside or modify an order establishing child custody. Eighth Judicial District Court, Clark County; Gerald W. Hardcastle, Judge.

In 2015, appellant Ignacio Avila, Jr., filed a complaint seeking to be recognized as the father of a minor child and to establish custody of that child. He and respondent Rosie Elena Martinez, the child's mother, entered into a stipulation in 2017 whereby he was determined to be the child's father, and he and Martinez would share legal custody but Martinez would have primary physical custody of the child. More than eight months after the decree of custody was filed, Avila moved to amend the complaint, to set aside the custody decree, or, alternatively, to modify the custody decree. He explained that he had recently learned he was the father of another of Martinez's minor children and he sought to establish paternity of that child and obtain joint legal and physical custody of both children. The court held a hearing, denied his request for court-ordered DNA testing to establish paternity, and sent the parties to mediation. After the parties were unable to reach agreement during mediation, the district court denied Avila's motion, finding that his paternity challenge was barred because the child was over three years old, Avila failed to demonstrate clear and

20-03304

convincing evidence of fraud, and his claims were barred by claim preclusion.

Avila argues that the district court erred in denying his request for court-ordered paternity testing. We agree. NRS 126.121(1) states that the court "shall upon the motion of a party[ ] order" tests for determining paternity. *See also* NRS 126.141(3) (stating that where, following an informal hearing and the parties' refusal to accept a settlement recommendation in a paternity action, "blood tests or tests for genetic identification have not been taken, the court shall require the parties to submit to [those] tests"). We conclude that the district court acted in contravention of NRS 126.121(1) and NRS 126.141(3) when it refused to order DNA testing and denied Avila's motion. We also point out that, in denying the motion, the district court erroneously concluded that the paternity claim was barred by claim preclusion and was untimely. The paternity claim has not been previously litigated, and an action to establish a father and child relationship in Nevada is not barred until a child reaches the age of 21. NRS 126.081(1). Therefore, we reverse and remand for the district court to order DNA testing pursuant to NRS 126.121. If a valid DNA test establishes that Avila is the biological father, the district court must follow the procedures specified in NRS Chapter 126 to determine the issue of paternity.

Avila also contends that the district court was required to hold an evidentiary hearing on his claim that Martinez and Henry Oliva fraudulently represented to him that he was not the biological father. Avila raised this claim of fraud in his motion for the purpose of obtaining relief from the custody decree pursuant to NRCP 60(b)(3). However, Avila's own assertions to the district court demonstrate that he learned through a DNA

test that he was the biological father several months before the final custody decree was filed. Thus, because he failed to show fraud warranting setting aside the custody decree, the district court did not err in failing to hold an evidentiary hearing on that claim. We note that though Avila did not establish a basis for NRCP 60(b)(3) relief, this does not preclude his request to modify the custody decree based on a change of circumstances (his alleged paternity), and we make no decision on whether he is entitled to an evidentiary hearing on this basis. For the reasons set forth above, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____ , C.J.
Pickering

_____ , J.
Gibbons

_____ , Sr. J.
Douglas

cc:  Chief Judge, The Eighth Judicial District Court
     Hon. Gerald W. Hardcastle, Senior Judge
     Piroozi Law Group, PLLC
     Rosie Elena Martinez
     Eighth District Court Clerk

---

[1]Avila requests that this court treat Martinez's failure to file an answering brief as a confession of error. This court has the discretion to treat the failure to file an answering brief as a confession of error. *State of Rhode Island v. Prins*, 96 Nev. 565, 566, 613 P.2d 408, 409 (1980); NRAP 31(c). In light of the nature of this case and our preference for deciding cases on the merits, we deny Avila's request.

The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.